UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Jackson, | Case No.: 2:23-cv-00605-APG-NJK |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| T. Brown, et al., | |
| Defendants | |

Plaintiff Joseph Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center.[1] On October 27, 2023, I ordered Jackson to file a second amended complaint by December 1, 2023.[2] I warned Jackson that the action could be dismissed if he failed to file an amended complaint by that deadline.[3] That deadline expired and Jackson did not file an amended complaint, move for an extension, or otherwise respond.

**I.   Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to obey a court order or comply with local

---

[1] ECF No. 4.

[2] ECF No. 14.

[3] *Id.* at 7.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

rules.[5]  In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this action cannot realistically proceed until Jackson files a second amended complaint, the only alternative is to enter a second order setting another deadline.  But the reality of repeating an ignored order is that it often only delays

---

[5] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002)).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

the inevitable and squanders the court's finite resources. And the circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. I therefore order that this action is **DISMISSED without prejudice** based on Joseph Jackson's failure to file an amended complaint in compliance with my October 27, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Joseph Jackson wishes to pursue his claims, he must file a complaint in a new case.

I further order that the application to proceed *in forma pauperis* **(ECF Nos. 12, 13) is DENIED as moot.**

Dated: December 6, 2023

_____
U.S. District Judge

3